**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502; CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND; CEMENT MASONS' LOCAL 502 AND PLASTERERS' AREA ANNUITY FUND; CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND; CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND; CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST; OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST, <br><br>      Plaintiffs, <br><br>  vs. <br><br>HACIENDA LANDSCAPING, INC., an Illinois corporation, and MARIA GUZMAN, an individual <br><br>      Defendants. | CASE NO.: 21-cv-4422 <br><br> JUDGE: <br><br> MAG. JUDGE: |

## **COMPLAINT**

NOW COME the Plaintiffs, the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502, the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND, the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND, the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND, the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST, the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND, the OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION

TRUST, and the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 complaining of Defendants HACIENDA LANDSCAPING, INC. and MARIA GUZMAN and in support, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502 ("PENSION FUND"), the CEMENT MASONS' INSTITUTE LOCAL 502 WELFARE TRUST FUND ("WELFARE FUND"), the CEMENT MASONS' LOCAL 502 AND PLASTERERS AREA 5 ANNUITY FUND ("ANNUITY FUND"), the CEMENT MASONS' LOCAL UNION NO. 502 SAVINGS FUND ("SAVINGS FUND"), the CEMENT MASONS' UNION LOCAL 502 APPRENTICE EDUCATIONAL AND TRAINING TRUST ("TRAINING FUND"), and the CEMENT MASONS' LOCAL NO. 502 RETIREE WELFARE FUND ("RETIREE WELFARE FUND") (collectively "TRUST FUNDS") are administered at 739 25th Ave., Bellwood, Illinois 60104 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Collective Bargaining Agreements entered into between the CEMENT MASONS' UNION LOCAL NO. 502 PLASTERERS AREA 5 ("UNION") and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association, and therefore are multiemployer plans under 29 U.S.C. §§ 1002(37)(A).

4. The OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION (OPCMIA) NORTHERN ILLINOIS DISTRICT COUNCIL LABOR MANAGEMENT COOPERATION TRUST FUND ("LMCC") is a labor management cooperation committee that is administered in Bellwood, Illinois.

5. Pursuant to Sections 502(a)(3) and 515 of ERSIA (29 U.S.C. §§ 1132 and 1145), the TRUST FUNDS and the LMCC are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

6. The UNION is the bargaining representative of HACIENDA LANDSCAPING, INC. ("HACIENDA")'s cement mason employees.

7. The Defendant HACIENDA is an Illinois corporation with its principal place of business in Minooka, Illinois.

8. The Defendant MARIA GUZMAN ("GUZMAN") is the President of Defendant HACIENDA.

## COUNT I
## BREACH OF CONTRACT
## (HACIENDA LANDSCAPING INC.)

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. On or about April 5, 2019, HACIENDA entered into a Memorandum of Agreement with the UNION. (A copy of the Memorandum of Agreement is attached as **Exhibit 1**).

11. Through the Memorandum of Agreement, HACIENDA recognized the UNION as the exclusive majority representative of its cement mason employees pursuant to Section 9(a) of the Labor-Management Relations Act (29 U.S.C. § 159). (**Exhibit 1**).

12. Through the Memorandum of Agreement, HACIENDA also became bound to the Collective Bargaining Agreement ("CBA") between the UNION and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association in effect during the period of June 1, 2017 through May 31, 2021. (A copy of the CBA is attached as **Exhibit 2**).

13. Through the CBA and Memorandum of Agreement, HACIENDA agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

14. Pursuant to the provisions of the CBA, Memorandum of Agreement, and Trust Agreements, Defendant HACIENDA is required to make monthly reports of the number of hours worked by its cement mason employees ("monthly remittance reports") and pay contributions to the TRUST FUNDS and LMCC for each hour that a cement mason employee performs any work at the negotiated rate set forth in the CBA. The monthly remittance reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

15. Pursuant to the CBA, the UNION and the Concrete Contractors Association of Greater Chicago/Mid-America Regional Bargaining Association agreed to hourly contribution

rates to the TRUST FUNDS and LMCC during the period of June 1, 2020 through May 31, 2021. (A copy of the Wage and Benefit Sheet dated May 4, 2020 is attached as **Exhibit 3**).

16. Pursuant to the CBA and properly executed check-off cards, HACIENDA is required to deduct $3.35 from its cement mason employees' wages for each hour paid and remit it to the UNION. (**Exhibit 2**).

17. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132(g)(2)) and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly remittance reports and contributions to the TRUST FUNDS and the LMCC, and wage deductions to the UNION, on a timely basis are responsible for the payment of liquidated damages equal to fifteen percent (15%) of the amount unpaid, plus interest at either a rate of ten percent (10%) per annum or the highest legally acceptable interest rate, any reasonable attorney's fees and costs of maintaining suit, as well as any auditor fees incurred. (**Exhibit 2**).

18. HACIENDA failed to submit their monthly remittance reports for the month of May 2021 and owes contributions and wage deductions in an unknown amount.

19. As a result of HACIENDA's failure to timely remit payment of contributions and wage deduction for the month of May 2021, HACIENDA owes the TRUST FUNDS, LMCC and the UNION liquidated damages and interest in an unknown amount.

20. Defendant HACIENDA is required to honor the terms and conditions of employment of its cement mason employees, including the contribution obligation to remit monthly remittance reports, contributions, and wage deductions on a monthly basis to Plaintiffs, until the parties reach an impasse on negotiations over a successor CBA.

21. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from HACIENDA.

22. Plaintiffs have complied with all conditions precedent in bringing this suit.

23. Defendant HACIENDA is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

WHEREFORE, Plaintiffs respectfully request:

A. That Defendant HACIENDA be ordered to remit its monthly remittance reports for the month of May 2021;

B. That Judgment be entered in favor of Plaintiffs and against Defendant HACIENDA for any and all other contributions, wage deductions, liquidated damages and interest found to be due and owing for the month of May 2021;

C. That Judgment be entered in favor of Plaintiffs and against Defendant HACIENDA for any and all other contributions, wage deductions, liquidated damages and interest found to be due and owing in addition to those referenced in Paragraphs A through B above;

D. That Defendant HACIENDA be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant HACIENDA's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT
## (DEFENDANT MARIA GUZMAN)

24. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-23 of this Complaint with the same force and effect as if fully set forth herein.

25. GUZMAN is the individual who signed the Memorandum of Agreement between HACIENDA and the UNION. (**Exhibit 1**).

26. The Memorandum of Agreement states as follows:

    "The individual signing this Agreement agrees to be personally, jointly and severally liable with the Employer for any failure to pay wages or contributions, or to accurately report hours to the fringe benefit funds as required by this agreement"

    (**Exhibit 2** at ¶7).

27. Through the Memorandum of Agreement, GUZMAN, personally, became jointly and severally liable with HACIENDA for all wage deduction obligations to the UNION and contribution obligations to the TRUST FUNDS and LMCC.

28. GUZMAN failed to submit the monthly remittance reports for the month of May 2021 and owes contributions and wage deductions in an unknown amount.

29. As a result of GUZMAN's failure to timely remit payment of contributions and wage deduction for the month of May 2021, HACIENDA owes the TRUST FUNDS, LMCC and the UNION liquidated damages and interest in an unknown amount.

30. Defendant GUZMAN has a continuing obligation to remit monthly remittance reports, contributions, and wage deductions on a monthly basis to Plaintiffs.

31. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from GUZMAN.

32. Plaintiffs have complied with all conditions precedent in bringing this suit.

33. Defendant GUZMAN is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

WHEREFORE, Plaintiffs respectfully request:

A. That Defendant GUZMAN be ordered to remit its monthly remittance report for the month of May 2021;

B. That Judgment be entered in favor of Plaintiffs and against Defendant GUZMAN for any and all other contributions, wage deductions, liquidated damages and interest found to be due and owing for the month of May 2021;

C. That Judgment be entered in favor of Plaintiffs and against Defendant GUZMAN for any and all other contributions, wage deductions, liquidated damages and interest found to be due and owing in addition to those referenced in Paragraphs A through B above;

D. That Defendant GUZMAN be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Memorandum of Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant GUZMAN's cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT III
## BREACH OF FIDUCIARY DUTY
## (DEFENDANT MARIA GUZMAN)

34. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-33 of this Complaint with the same force and effect as if fully set forth herein.

35. Pursuant to the CBA and Wage and Benefit Rate Sheet in effect during the period of June

1, 2020 through May 31, 2021, Defendant HACIENDA is required to deduct $5.00 from its cement mason employees' wages for each hour worked and remit it to the SAVINGS FUND. (**Exhibit 2** and **Exhibit 3**).

36. Section 2510.3-102(a)(1) of the Department of Labor's Regulations defines a plan asset as "amounts that a participant has withheld from his wages by an employer, for contribution or repayment of a participant loan to the plan, as of the earliest date on which such contributions or repayments can reasonably be segregated from the employer's general assets." (29 C.F.R. § 2510.3-102(a)(1)).

37. Section 3 of ERISA provides that "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . ." 29 U.S.C. § 1002(21)(A)).

38. Section 404(a)(1) of ERISA requires that a fiduciary act "for the exclusive purpose of providing benefits to the participants and beneficiaries" and act "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." (29 U.S.C. § 1104(a)(1)).

39. GUZMAN, in her capacity as a President of HACIENDA, withheld an unknown amount of money from her bargaining unit employees' paychecks for the month of May 2021.

40. The withheld SAVINGS FUND deductions became plan assets on the day they became due and owing to Plaintiffs, the 15th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

41. Consequently, GUZMAN became a plan fiduciary when she failed to remit timely payment

of the SAVINGS FUND deductions, as she exercised discretionary authority and control over plan assets.

42. As a result of her failure to remit timely payment of the SAVINGS FUND deductions, GUZMAN breached her fiduciary duty to the SAVINGS FUND, as she failed to act for the exclusive purpose of providing benefits to the participants when she failed to remit timely payment of the SAVINGS FUND deductions.

43. GUZMAN also failed to act with the requisite care, skill, prudence and diligence imposed upon him by ERISA when he failed to remit timely payment of the SAVINGS FUND deductions to the SAVINGS FUND.

44. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are due and owing from GUZMAN.

45. Plaintiffs have complied with all conditions precedent in bringing this suit.

46. GUZMAN is obligated to pay the reasonable attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. § 1132(g).

**WHEREFORE,** Plaintiffs respectfully request:

A. That Judgment be entered in favor of the SAVINGS FUND and against Defendant GUZMAN in the total amount of the unpaid SAVINGS FUND deductions for the month of May 2921;

B. That Judgment be entered in favor of the SAVINGS FUND and against Defendant GUZMAN in an unknown amount for liquidated damages and interest calculated at a rate of ten percent (10%) per annum from the due date through the date of a Judgment;

C. That Judgment be entered in favor of Plaintiffs and against Defendant GUZMAN for all unpaid SAVINGS FUND deductions, along with the resulting liquidated damages and interest, that are found to be due and owing in addition to the amounts referenced in paragraphs A and B above;

D. That Defendant GUZMAN be ordered to pay reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, Trust Agreements and 29 U.S.C. §1132(g); and

E. That Plaintiffs have such other relief and further relief as the Court may deem just and equitable all at Defendant GUZMAN's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

    Respectfully Submitted,

**PENSION FUND OF CEMENT MASONS' UNION LOCAL UNION NO. 502** *et al.*

/s/ Michael S. Vojta - 6278647
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5472
vojta@johnsonkrol.com